IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESSENTIA INSURANCE COMPANY,  :
                                                        :
                             Plaintiff,      :            CIVIL ACTION NO. 15-583
                                                        :
    v.                                             :
                                                        :
SAMANTHA BORNEMAN,                  :
                                                        :
                             Defendant.    :

**MEMORANDUM OPINION**

Smith, J.                                                                          August 24, 2015

In this case, an insurance company seeks a declaration that it does not have a duty to provide the defendant with underinsured motorists ("UIM") coverage under her parents' automobile insurance policy. Presently before the court is the plaintiff's motion for judgment on the pleadings. The plaintiff argues that the defendant is not entitled to UIM coverage because (1) she does not meet the definition of an insured under the policy, (2) she was not occupying a vehicle insured under the policy at the time of her injury, and (3) the plaintiff's parents rejected underinsured motorists coverage under the policy. For the reasons set forth below, the court finds that the defendant does not meet the definition of an insured under the policy, and accordingly, will enter a declaratory judgment in favor of the plaintiff.[1]

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

On March 4, 2012, the plaintiff, Essentia Insurance Company ("Essentia" or "the plaintiff"), commenced this action by filing a complaint against the defendant, Samantha Borneman ("Samantha" or "the defendant"), seeking a declaratory judgment that it has no duty to provide UIM coverage to the defendant. Compl., Doc. No. 1. In the complaint, the plaintiff

---

[1] Under this disposition, the court need not address the plaintiff's remaining arguments.

alleges that in August 2007, David Borneman ("Mr. Borneman") applied for and was issued an Essentia Collector Automobile Insurance Policy No. 1N64142 ("the Policy"). *Id.* at ¶¶ 7, 9. The named insureds were Mr. Borneman and his wife, Paula Borneman ("Mrs. Borneman"). *Id.* Samantha was not listed as an authorized driver, nor was she ever listed as one on any subsequent applications. *Id.* at ¶¶ 7-8. The Policy provided coverage for three classic cars. *Id.* at ¶ 9.

On September, 30 2014, Samantha was injured while was riding as a passenger in a vehicle driven by Jacob Trumbore ("Trumbore"). *Id.* at ¶ 10. Trumbore swerved to avoid striking a deer and instead crashed into a utility pole and an embankment. *Id.* The vehicle operated by Trumbore was not insured under the Policy, and the vehicles that were insured under the Policy were not in any way connected to the accident. *Id.* at ¶¶ 10-11.

Based on the aforementioned allegations, the plaintiff seeks a declaratory judgment against Samantha that it has no duty to provide UIM coverage to her under the Policy. *Id.* at 6, 7, 8. On April 1, 2015, the defendant filed an answer. Doc. No. 9. Essentia filed the instant motion for judgment on the pleadings on June 15, 2015. Doc. No. 14. The defendant filed a response on June 29, 2015. Doc. No. 15. The court heard argument on July 30, 2015. The motion is now ripe for disposition.

## II.    DISCUSSION

In its motion for judgment on the pleadings, Essentia argues that it does not have a duty to provide UIM coverage to Samantha because (1) Mr. and Mrs. Borneman rejected UIM coverage, (2) even if they had UIM coverage, Samantha does not meet the definition of an "insured" under the Policy, and (3) even if Samantha was an "insured" under the Policy, she would only be covered if she were occupying a "covered auto," *i.e.*, a vehicle covered under the

Policy, and she was not.  Pl.'s Mot. for J. on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) at ¶¶ 15-17, 19-23, 25; Mem. in Supp. of Pl.'s Mot. for J. on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Pl.'s Mem.") at 2-9.  In response to these arguments, the plaintiff contends that (1) the UIM waiver was defective under Pennsylvania law, and therefore UIM coverage exists under the Policy, (2) Samantha meets the definition of a "family member" and therefore is an "insured" under the Policy, and (3) the Policy does not require an insured to be occupying a covered vehicle.  Mem. in Supp. of Def.'s Resp. to Pl.'s Mot for J. on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Def.'s Resp.") at 2-9.

### A.      Standard of Review – Rule 12(c) Motions

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard for deciding a motion for judgment on the pleadings is the same as the standard for deciding a Rule 12(b)(6) motion.  *IDS Prop. Cas. Ins. Co. v. Schonewolf*, No. CIV.A. 13-6039, 2015 WL 3386950, at *7 (E.D. Pa. May 26, 2015).  The moving party must clearly establish that there are no material issues of fact to resolve and the moving party is entitled to judgment as a matter of law.  *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988).  The court must view all of the facts in a light most favorable to the non-moving party and accept as true the allegations in that party's pleadings.  *Id.* at 290-91.

### B.      Analysis

As indicated above, the plaintiff seeks a declaratory judgment that it does not have a duty to provide UIM coverage to Samantha under the Policy for the accident she was involved in on September 30, 2014.  The parties are in agreement that Pennsylvania law applies in this matter.  Because the Policy was made in Pennsylvania, Pennsylvania law governs construction of its

terms.  *See Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 162 (3d Cir. 2011).  Resolving the

UIM coverage issue requires that the court interpret the insurance policy.  *See Madison Constr.*

*Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999) (explaining that the court, rather

than a jury, is tasked with interpreting an insurance contract).  When interpreting the policy, the

court must read it as a whole and construe its meaning according to its plain language.  *Spector v.*

*Fireman's Fund Ins. Co.*, 451 F. App'x 130, 136 (3d Cir. 2011).  "Where a provision of a policy

is ambiguous, the policy provision is to be construed in favor of the insured and against the

insurer, the drafter of the agreement.  Where, however, the language of the contract is clear and

unambiguous, a court is required to give effect to that language."  *Madison Constr.*, 735 A.2d at

106 (citation and internal quotation marks omitted).  "[A] provision is ambiguous only if

reasonable people could, in the context of the entire policy, fairly ascribe differing meanings to

it."  *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999).

### 1.      Whether Samantha is an Insured Under the Policy

The plaintiff argues that Samantha is not an insured as defined by the Policy and

therefore is not entitled to UIM coverage.  The UIM endorsement states that Essentia "will pay

compensatory damages which an 'insured' is legally entitled to recover from the owner or

operator of an 'underinsured motor vehicle'" when certain conditions apply.  Compl. at Ex. C,

Underinsured Motorists Coverage Pennsylvania (Non-Stacked) ("UIM Endorsement") at 1.  The

endorsement defines an "insured" as

> 1.  You or any "family member".
> 2.  Any other person "occupying" "your covered auto".
> 3.  Any person for damages that person is entitled to recover because of "bodily
> injury" to which this coverage applies sustained by a person described in **1.** or **2.**
> above.

*Id.*  The policy defines "family member" in the Classic Automobile Policy definitions: "'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household and who is listed as an authorized driver in the application.  This includes a ward or foster child."  Compl. at Ex. B, Classic Auto. Policy ("Policy") at 1.

Samantha does not meet the definition of a "family member," and, therefore, cannot be an insured under the Policy.  The application does not contain the term "authorized driver," and the Policy does not define it.  *See* Compl. at Ex. A, Collector Auto. Ins. Appl. – Pennsylvania ("Application") at 1-4; Policy 1-12.  Instead, the Application contains a section for "Resident and Driver Information" and asks the applicant to "List all residents and dependents (licensed or not) and regular operators.  Attach auto insurance page showing coverage limits for each regular use or company provided vehicle."  Application at 1.  Beneath this language, there are spaces requesting information under the headings of "1. Applicant," which contains Mr. Borneman's information, "2. Spouse," which contains Mrs. Borneman's information, "3. Dependent," which contains Charles Borneman's information, and "4. Dependent," which contains Jessie Borneman's information.  *Id.* at 1-2.  Samantha's name does not appear anywhere on the Application.  *Id.* at 1-4.  Indeed, in the answer to the complaint, Samantha concedes that she "is not listed as an authorized driver on the application for insurance."  Answer at ¶ 7.  The declarations page of the Policy lists "Driver(s)" as David Borneman and Paula Borneman, and lists "Excluded Person(s)" as Charles Borneman and Jessie Borneman.  Compl. at Ex. B, Classic Auto. Renewal Policy Declarations ("Policy Declarations") at 1.  Samantha's name does not appear in the Policy Declarations.  *Id.* at 1-3.

The clear language of the Policy required Mr. Borneman to include Samantha on the Application as a dependent, despite the fact that Samantha was too young to have a driver's

license at the time he applied for the Policy.[2]  The application requires the applicant to "[l]ist all residents and *dependents (licensed or not)* and regular operators."  Application at 1 (emphasis added).  The defendant argues that this language only requires the applicant to list persons who meet all three clauses, *i.e.*, dependents who reside in the household and who are regular operators.  Def.'s Resp. at 6.  This is an illogical interpretation that is internally self-conflicting: the application requires the applicant to list both licensed and unlicensed dependents, and an unlicensed dependent could not, or should not, be a regular operator of a vehicle.  The plain meaning of the language requires the applicant to list persons who fit into any one of the three categories.  Samantha was not listed anywhere on the Application, and was therefore unknown to the insurance company.  It does not follow that she could, in any possible sense, be an "authorized driver" under the Policy, and, therefore, she could not be a "family member" to qualify as an insured under the Policy.

With this conclusion, and under these facts, the court need not reach the plaintiff's remaining arguments because it is immaterial whether Mr. Borneman waived UIM coverage or whether the defendant needed to be occupying a covered automobile in order to be insured under the Policy.  Accordingly, the court will grant the plaintiff's motion for a judgment on the pleadings and declare that the plaintiff does not have a duty to provide the defendant with UIM coverage under the Policy.

### III.    CONCLUSION

Examining the record before the court, which is limited to the allegations in the complaint and copies of the Policy and the UIM endorsements, the court finds that the defendant does not have UIM coverage pursuant to the plain language of the Policy because she does not

---

[2] The defendant states in her response that she was a minor and did not possess a driver's license at the time the Application for insurance was submitted.  Def.'s Resp. at 6-7.

meet the definition of an insured under the Policy.  Therefore, the court will grant the plaintiff's

motion for judgment on the pleadings and enter judgment in favor of the plaintiff declaring the

plaintiff is under no legal obligation to provide UIM coverage to Samantha under Policy No.

1N64142 for the injuries she sustained in the motor vehicle accident on September 30, 2014.

An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.